UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09C439-J


DEBBIE GOFF                                                                                      PLAINTIFF

VS.

MICHAEL J. ASTRUE,
          Commissioner of Social Security                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Debbie Goff ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g).  After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

On August 7, 2007, Claimant filed application for disability insurance benefits and supplemental security income.  After a hearing,  Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's diabetes mellitus, hypertension, depression, peripheral neuropathy, degenerative disc disease, bursitis/arthritis, obesity and fibromyalgia were severe impairments, but that they did not prevent her from performing her past relevant work.  This became the final decision of the Defendant on all applications when the Appeals Council denied review on April 22, 2009.


## STANDARD OF REVIEW

1

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

<u>ARGUMENTS ON THIS APPEAL</u>

Plaintiff argues that the ALJ erred in rejecting the opinion of her treating physician. Dr. Peters opined on September 8, 2008 that Ms. Goff could never lift as much as twenty pounds, and could occasionally lift ten pounds, and should stand or walk for a total of two hours in an eight hour day. He also opined that her impairments would result in absence from work three or more times per month. Tr. 445. The ALJ addressed the opinion as follows:

> [T]he Administrative Law Judge is not persuaded to give controlling weight to Dr. Peters' opinion.... Dr. Peters is a treating source and he has offered a medical opinion. However, his opinion is not well supported by the other evidence of record as well as with the claimant's own activities of daily living. Therefore, it will be given little weight.

Tr. 18. The ALJ provided no details whatsoever to support the conclusion of "not well supported," nor did he explain what activities of daily living he believed to be in conflict with Dr. Peters' statement that Ms. Goff would be absent from work three or more days per month.

In Rogers v. Commissioner of Social Security, 486 F.3d 234 (6th Cir. 2007), the appellate court discussed the *elevated* importance of treating physician opinion in cases of fibromyalgia. In

2

that case, like this one, the ALJ had relied on opinions of non-treating physicians who, in turn, relied on the absence of objective findings; in that case, like this one, the ALJ had minimized the significance of the opinions of the physicians who treated the plaintiff for fibromyalgia.  In those circumstances, the Sixth Circuit held that the ALJ had failed to accord to the treating physician's opinion the proper weight and that substantial evidence could not be said to support the decision. The court observed that "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight.

Thus, the ALJ erred in applying the treating physician rule as explicated in <u>Rogers</u>.  Remand for further proceedings is required.  An order in conformity has this day entered.